**Martin K. VON DUYKE, Plaintiff–Appellant,**

v.

**COUNTRY CASUALTY INSURANCE COMPANY, an Illinois corporation and Country Mutual Insurance Company, an Illinois corporation, Defendants–Appellees.**

No. 97CA1033.

Colorado Court of Appeals, Div.I.

Dec. 10, 1998.

Rehearing Denied Feb. 18, 1999.

Certiorari Denied Sept. 7, 1999.

Roy W. Penny, Jr., P.C., Roy W. Penny Jr.; Thomas J.Hammond, P.C., Thomas J. Hammond, Denver, Colorado, for Plaintiff–Appellant.

Bayer, Carey & McGee, P.C., Terry L. Lutts, Denver, Colorado, for Defendants–Appellees.

Opinion by Judge JONES.

In this proceeding to determine personal injury protection (PIP) benefits under an insurance contract, plaintiff, Martin K. Von Duyke, appeals the summary judgment entered in favor of defendant, Country Casualty Insurance Co. (Country). We affirm.

The facts are undisputed. Jade Morrical had a policy of insurance issued by Country on two cars that he owned. While one of his cars was being repaired, he borrowed an automobile from his ex-wife. The borrowed automobile was uninsured, and all parties agree that, at all pertinent times, the borrowed automobile was a "substitute vehicle" as defined in the policy, that plaintiff was not a relative of Morrical, and that plaintiff did not own a vehicle and was not listed as an insured on any policy of automobile insurance.

Plaintiff was injured in an accident while a passenger in the borrowed automobile as it was being driven by Morrical. Pursuant to Morrical's policy, Country paid PIP benefits to him, and liability benefits to plaintiff. However, Country denied PIP benefits to plaintiff.

Plaintiff filed this action against Country, asserting that he was entitled to PIP benefits under the Country policy. After cross-motions for summary judgment were filed by the parties, the trial court entered judgment in favor of Country and against plaintiff, finding that plaintiff was not entitled to PIP coverage from Country, either under the Colorado Auto Reparations Act, §10–4–701, et seq., C.R.S.1998 (the Act), or under the Country policy.

Plaintiff contends that the trial court erred in determining that he was not entitled to PIP benefits under the Country policy. We perceive no error.

First, we agree with the trial court that, under the Act, the vehicle involved in the accident here is not a "described motor vehicle," as contemplated by §10–4–703(4), C.R.S.1998.

Section 10–4–703(4) defines such a vehicle as "the motor vehicle described in the complying policy." The declarations page of the County policy describes only two vehicles, neither of which is the vehicle involved in the accident here.

Plaintiff, however, asserts that, because the policy grants coverage to substitute vehicles in four areas of the policy, the substitute vehicle is a "described motor vehicle" under these circumstances. We do not agree.

Under the policy here, coverage is granted to substitute vehicles with respect to liability coverage; uninsured motorist coverage; medical payments coverage (excluding PIP coverage); and collision/comprehensive coverage. Each of the four enumerated sections of the policy states that the "insured vehicle"

is the vehicle described on the declarations page, and any non-owned vehicle that is "temporarily used as a substitute for a vehicle described on the declarations page where that vehicle cannot be used because of breakdown, need of servicing, theft, or destruction." However, the definition of "insured vehicle" set forth in the PIP endorsement to the policy does not make reference to substitute vehicles.

Because the separate sections are specific as to what is considered to be an "insured vehicle" in each respective section, it is plain that, in not including substitute vehicles in the definition of "described motor vehicle" on the declarations page, and in excluding substitute vehicles from coverage in the PIP endorsement, while including them in other areas of coverage, the policy was intended not to give PIP coverage to substitute vehicles.

Thus, because he was not in a "described motor vehicle" at the time of the accident, plaintiff is not entitled to coverage.

Secondly, *Scoggins v. Unigard Insurance Co.*, 869 P.2d 202, 205 (Colo.1994), which interprets the Act as to when PIP coverage is required, *see* §10–4–707(1), C.R.S.1998, states that:

[A] passenger in an automobile is not entitled to benefits under the driver's policy where the automobile . . . involved in the accident was not described in the complying policy. . . . [Thus,] the effect of section 10–4–707(1)(c) is to bar recovery of PIP benefits to passengers of vehicles involved in accidents from non-owner, insured drivers when the automobile and the automobile's owner are uninsured.

██ Under the Act, plaintiff might conceivably be entitled to PIP coverage if the subject vehicle were a described vehicle. But neither the statute nor the public policy of the state of Colorado requires the owner of a described vehicle to provide PIP coverage for a non-relative occupant of a non-owned vehicle, as was the case here.

From the unambiguous language of §10–4–707(1), C.R.S.1998, it is apparent that the General Assembly did not intend that PIP coverage should transfer from a "described

vehicle" to a non-owned vehicle *vis-a-vis* those persons who are not the insured nor the insured's relative. The need for certainty as to the risk to be insured is a reasonable basis for the public policy underlying this limit as to whom PIP coverage should apply. For this court to interpret the Act so broadly as to require PIP coverage for those situated as plaintiff was under the circumstances here would constitute judicial legislation. This we will not do.

Furthermore, plaintiff's reliance on *Murphy v. Dairyland Insurance Co.*, 747 P.2d 691 (Colo.App.1987) is misplaced.

In *Dairyland,* the operator of the non-owned vehicle was insured under a policy which did not list specific motor vehicles. Thus, there were no "described motor vehicles" in that case. Here, the policy in question is not an operator policy, and lists only two "described motor vehicles," neither of which was involved in the accident in question. *Cf. Ortiz v. Hawkeye–Security Insurance Co.*, 971 P.2d 233 (Colo.App.1998).

The judgment is affirmed.

Judge METZGER and Judge KAPELKE concur.